UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY BENNETT,

                                              Plaintiff,

                                                                          6:20-CV-243
v.                                                                         (BKS/TWD)

STEVEN T. MNUNCHIN,

                                              Defendant.
_____

APPEARANCES:

ANTHONY BENNETT
Plaintiff *pro se*
CNYPC
P.O. Box 300
Ward-304/C#54176
Marcy, New York 13403

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

       Anthony Bennett ("Plaintiff") filed a complaint against United States Treasury Secretary Steven T. Mnuchin ("Defendant") (Dkt. No. 1) and a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Dkt. No. 2). A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiffs' IFP Application, the Court finds he meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

       When a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Plaintiff's complaint is difficult to decipher. From what the Court can glean, it appears Plaintiff contends he is a "vessel," as that word is used in admiralty law, and is "being illegally detained without proper cause" at Central New York Psychiatric Center ("CNYPC"). (Dkt. No. 1 at 3.) Plaintiff, being the owner of the so-called vessel through a series of contractual agreements he has made with himself, claims CNYPC is trespassing on his property rights. It is not clear why he has named Steven Mnuchin as the defendant.[1]

The allegations in Plaintiff's complaint do not suggest a basis for jurisdiction or state a claim for relief. Plaintiff purports to bring this claim under the Court's admiralty jurisdiction because he is a "vessel." However, The Rules of Construction Act defines a "vessel" as including "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water." 1 U.S.C. § 3. Plaintiff is not a vessel, therefore there is no basis to construe this case as invoking the Court's admiralty or maritime jurisdiction.

Even if there were subject matter over Plaintiff's claims, the Court would recommend dismissal with prejudice on initial review. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (court may dismiss a "factually frivolous" claim when the factual allegations are "clearly baseless," including claims "describing fantastic or delusional scenarios"). Plaintiff's complaint is based on a fanciful scenario that he owns contractual rights to himself as a vessel and his detainment at CNYPC violates those contract rights. Plaintiff's complaint is not grounded in reality or law and is frivolous. Therefore, 28 U.S.C. § 1915(e)(2)(B)(i) warrants dismissal of the

---

[1] The Court notes Plaintiff has filed several other lawsuits in this district with similar arguments that have been dismissed on initial review. *See, e.g., Bennet v. Mnuchin*, 6:18-CV-1403 (TJM/ATB).

complaint.  Given this finding, the Court further recommends dismissal with prejudice because allowing leave to amend would be futile.

Plaintiff also filed a motion for an order to show cause.  (Dkt. No. 6.)  Because the Court recommends dismissing Plaintiff's complaint with prejudice, it also recommends denying Plaintiff's motion as moot.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** on initial review under 28 U.S.C. § 1915(e)(2)(B) on the grounds that the district court is without subject matter jurisdiction over Plaintiff's claims, and the complaint is frivolous; and it is

**RECOMMENDED** that Plaintiff's motion for an order to show cause (Dkt. No. 6) be **DENIED** as moot.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[4]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

---

[4]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Dated: April 3, 2020
      Syracuse, New York

_____
Therèse Wiley Dancks
United States Magistrate Judge