**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY BENNETT,

                              Plaintiff,                    6:20-cv-0243 (BKS/TWD)

v.

STEVEN T. MNUCHIN, *Treasury Secretary of the United States*,

                              Defendant.

---

**Appearances:**

*Plaintiff, pro se:*
Anthony Bennett
CNY PC
PO Box 300
Ward – 304/C#54176
Marcy, NY 13403

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On February 28, 2020, Plaintiff pro se Anthony Bennett filed this action against defendant Steven T. Mnuchin, Treasury Secretary of the United States, together with a motion for leave to proceed *in forma pauperis*. (Dkt. Nos. 1, 2). This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks who, on April 6, 2020, granted Plaintiff's application to proceed *in forma pauperis*, and issued a Report-Recommendation recommending that the complaint be dismissed with prejudice on the grounds that this Court is without subject matter jurisdiction over Plaintiff's claims and the complaint is frivolous. (Dkt. No. 9, at 3-4). Magistrate Judge Dancks further recommended that Plaintiff's motion for an order to show cause

be denied as moot. (Dkt. No. 9, at 4). Magistrate Judge Dancks advised Plaintiff that under 28 U.S.C. § 636(b)(1), he had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 9, at 4).

Plaintiff filed documents captioned a "traverse to the return," a "response" to the Report-Recommendation and an "extended response," all of which appear to object to the Report-Recommendation. (Dkt. Nos. 10-12). For the reasons set forth below, the Court concurs in Magistrate Judge Dancks' determination that the complaint should be dismissed because this Court lacks subject matter jurisdiction and the complaint is frivolous.

## II.     STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

**III.   DISCUSSION**

In the Report-Recommendation Magistrate Judge Dancks noted that the "complaint is difficult to decipher"; that Plaintiff appears to contend that he is a vessel, invoking this Court's admiralty jurisdiction; and that it is not clear why Plaintiff named Steven Mnuchin as the defendant. (Dkt. No. 9, at 3). Magistrate Judge Dancks concluded that there was no basis to construe this case as invoking the Court's authority under admiralty jurisdiction and that even if there were subject matter jurisdiction over Plaintiff's claims, the complaint should be dismissed as frivolous. (*Id.*).

Plaintiff's submissions in response to the Report-Recommendation are also difficult to decipher. Plaintiff appears to object to Magistrate Judge Dancks' determination that this Court lacks subject matter jurisdiction. His submissions, however, make clear that, as Magistrate Judge Dancks concluded, he purports to invoke this Court's admiralty jurisdiction on the theory that he is a "vessel." (Dkt. No. 11, at 2-3; Dkt. No. 12, at 2-3). In his objections, Plaintiff also asserts that "[t]his case is about a breach of contract," which was "no where" addressed in the Report-Recommendation. (Dkt. No. 11, 3, 5). The breach of contract claim, as set forth in the complaint, is that Defendant is "in Breach of Contract and/or Contractual Agreement concerning the vessel being held in CNYPC Facility." (Dkt. No. 1, at 2). The complaint references "contracts for [Plaintiff's] trust/estate" which are on file in the court of appeals, docket number 19-850."[1]

---

[1] Plaintiff appears to be referring to the case of *Bennett v. Munchin*, Dkt. No. 19-850 in the Second Circuit Court of Appeals. This was an appeal from this Court's dismissal of an earlier case that Plaintiff had brought against, inter alia, Defendant Steven Mnuchin. The Second Circuit dismissed the appeal because it "lack[ed] an arguable basis either in law or in fact." *Bennett v. Mnuchin*, Case No. 18-cv-1403, Docket No. 19 (Mandate of United States Court of Appeals).

In his objections Plaintiff asserts that Steven Mnuchin failed in his duties as the fiduciary of a trust benefiting Plaintiff. (Dkt. No. 12, at 2). Plaintiff states that this trust is "a reality and not a fantasy," and explains that he can create trusts

3

Having reviewed Plaintiff's objections de novo, the Court concurs in Magistrate Judge Dancks' determination that this Court lacks subject matter jurisdiction and that even if there were subject matter jurisdiction, this action should be dismissed as frivolous, for the reasons stated in the Report-Recommendation. The Court has considered whether to afford Plaintiff the opportunity to amend, but declines to do so. Having liberally read the complaint, and all of Plaintiff's submissions, the Court finds that any opportunity to amend would be futile because there is nothing to suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claim. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, the Report-Recommendation to dismiss the complaint for lack of subject matter jurisdiction and as frivolous is adopted for the reasons stated therein. The dismissal for lack of subject matter jurisdiction must be without prejudice. *Carter v. HealthPort Technologies*, LLC, 822 F.3d 47, 54 (2d Cir. 2016). Having concluded the Court lacks subject matter jurisdiction, the Court does not proceed further. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause.")

**IV.   CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 9) is **ADOPTED** as set forth above; and it is further

**ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction and as frivolous, without leave to amend; and it is further

---

without giving anything of value by getting an individual's endorsement "on a green card sent by certified or registered mail." (*Id*., at 2-3).

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purposes of appeal; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**


Dated: June 8, 2020
      Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge