UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY BENNETT,

                               Plaintiff,                    6:20-cv-00243 (BKS/TWD)

v.

STEVEN T. MNUCHIN, *Treasury Secretary of the United States*,

                               Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Anthony Bennett
CNY PC
P.O. Box 300
Ward – 304/C#54176
Marcy, NY 13403

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

      Presently before the Court is Plaintiff's motion for reconsideration (Dkt. No. 16) of the Court's June 8, 2020 Order dismissing the Complaint for lack of subject matter jurisdiction and as frivolous. (Dkt. No. 14). For the following reasons, Plaintiff's motion is denied.

      In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving

party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

In his motion for reconsideration Plaintiff again argues that this Court has admiralty jurisdiction because Plaintiff's body is a vessel. (Dkt. No. 16, at 2–5). The Court has already expressly considered and rejected that argument. (Dkt. No. 14). As Plaintiff has not identified an intervening change in law, new evidence, or need to correct clear error, his motion for reconsideration is denied.

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 16) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 31, 2020
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge